85 N.J. Super. 519 (1964)
205 A.2d 338
MARGUERITE E. GOERKE AND JOHN W. SPURDLE, PLAINTIFFS-RESPONDENTS,
v.
THE TOWNSHIP OF MIDDLE-TOWN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MIDDLETOWN AND NEWTON A. MALLETT, DEFENDANTS-APPELLANTS, AND MONMOUTH SOFTBALL LEAGUE, INC., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1964.
Decided December 8, 1964.
*520 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Lawrence A. Carton, Jr., argued the cause for appellants (Messrs. Roberts, Pillsbury & Carton, attorneys).
Mr. Andrew S. Polito appeared for respondents; no brief filed.
The opinion of the court was delivered by LEWIS, J.A.D.
Plaintiffs Marguerite E. Goerke and John W. Spurdle, by their proceedings in lieu of prerogative writs in the Superior Court, Law Division, and prayer for injunctive relief, challenged certain municipal actions in the Township of Middletown. The proceedings were consolidated for hearing before the Chancery Division on plaintiffs' motion for summary judgment.
On June 17, 1963 the trial court entered summary judgment declaring invalid and void (1) a temporary use permit issued by the township committee of the Township of Middletown, (2) the municipal resolution approving the issuance of such permit, and (3) an amendment of the local zoning ordinance which empowered the township committee to grant temporary use permits.
The permit in question was for a period of six months, and was issued on April 3, 1963 to defendant Monmouth Softball League, Inc. The authorization so obtained allowed the permittee, during the summer of 1963, to maintain approximately 47 advertising signs, some of which were substantial in size, on the inside of the fence erected within the confines of premises owned by the Highlands' Living War Memorial, commonly known as Kavookjian Field, located in an R-42 residence zone of the township. Plaintiff Goerke's residence *521 adjoins said Field, and plaintiff Spurdle lives in the immediate vicinity.
Plaintiffs-respondents have not filed a brief, but, by letter addressed to this court, they refer to the issue respecting the temporary use permit as academic since the time period for which the permit was granted has now expired.
However, the municipal defendants, the Township of Middletown, its township committee and the building inspector, prosecute an appeal urging here, as they did below, the validity of the July 11, 1962 amendment to the local zoning ordinance which empowered the township committee to issue temporary use permits for "temporary activities for a limited period of time which activities may be prohibited by other provisions of this Ordinance" and to direct the building inspector to issue "a permit for a period not to exceed six (6) months. Such period may be extended not more than once for an additional period of six (6) months." (Art. XXI, sec. B, subsec. b).
Under the revised zoning ordinance of November 29, 1960, which was in effect prior to the aforesaid 1962 amendment, the board of adjustment had the authority to issue temporary use permits subject to appropriate standards and the procedural requirements.
We are not here dealing with a municipal regulatory ordinance enacted pursuant to the broad and comprehensive police power expressed in R.S. 40:48-2. Rather our concern centers about an amendment to a zoning ordinance which encompasses a phase of the general police power which is circumscribed by the provisions of our zoning legislation, N.J.S.A. 40:55-30 et seq.
The ordinance in question, as it deals with zoning, must be consonant with the zoning statute in order to be valid. In effect, the ordinance gives the governing body power to grant an exemption from the prohibitory regulations of the zoning ordinance, albeit for a limited period of time.
The jurisdiction of the governing body in respect of exemptions from the zoning ordinance is dealt with in N.J.S.A. 40:55-39. Paragraphs (b), (c) and (d), of that section *522 provide for the granting of special exceptions and variances. Only one of those paragraphs, i.e., paragraph (d), gives the governing body any jurisdiction whatever, and that provides that the governing body may approve or disapprove a variance recommended by a board of adjustment. There is nothing whatsoever in N.J.S.A. 40:55-39 nor in any other section of the zoning statutes which empowers a municipality to adopt an ordinance giving the governing body the power to grant an exemption from the use restrictions of a zoning ordinance. Since the ordinance before us does not fall within any authorization of the zoning statutes, it must be held to be invalid.
The fact that the ordinance here under attack purports to permit the governing body to grant only temporary, not permanent exemptions from the restrictions of the zoning ordinance, does not aid the municipality's case. A temporary variance may not be granted in any case where there is no legal basis for the grant of a permanent variance. See Lynch v. Borough of Hillsdale, 136 N.J.L. 129, 133 (Sup. Ct. 1947). The court there said: "A use which is not the proper subject of a variance lasting and inviolable in character is not permissible for a limited period."
The ordinance under review is invalid as contrary to and not supported by the applicable statute.
Judgment affirmed.